UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TORRI LAVON SANDERS                                                                          PETITIONER

V.                                                                                    NO.1:08CV7-NBB-JAD

MDOC, ET AL.                                                                               RESPONDENTS

MEMORANDUM OPINION

This cause comes before the court on the petition of Torri Sanders for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has responded, the Petitioner has filed a traverse and this matter is ripe for review. After due consideration, the court finds that the petition should be denied in all respects.

*A. Factual and Procedural Background*

On February 21, 2002, Sanders along with two other women, Sherry Johnson and Astin Dile, drove from White House, Tennessee to Muscle Shoals, Alabama for a shoplifting spree. Having stolen merchandise from several stores, their last retail victim was Wal-Mart.[1] Dile and Sanders entered the store while Johnson waited in the car. Inside the store Dile triggered an alarm drawing attention from a Wal-Mart employee. The women ran from the store and all three fled in the car. Concerned that they were being followed, they parked the car in a driveway. Approximately forty minutes later, the trio left with Sanders behind the wheel. As the car pulled out of the driveway, however, they caught the attention of a police officer. They ignored the officer's sirens and flashing lights as they fled at a high rate of speed. Sanders drove the car through residential areas at a high rate of speed ignoring all traffic signs and signals until she made it to highway 72. Sanders navigated

---

[1] The facts have been primarily extracted from the Mississippi Supreme Court's opinion affirming the convictions.

through two roadblocks again evading the police. Miles away from Muscle Shoals, Alabama, the women still dangerously speeding, arrive at a busy commercial area in Corinth, Mississippi. Sanders ran a red light and crashed into the side of a Chevy Cavalier driven by 36-year-old Kathy Hollands. Also in the car was Hollands's daughter, Brandy, 17, and her friend, Jennifer Parsons, 18. All three women in the Cavalier were killed.

Torri Sanders and Johnson were indicted on three counts of depraved heart murder. Over their objections, they were tried together. Both Sanders and Johnson were convicted of three counts of depraved heart murder in the Circuit Court of Alcorn County, Mississippi. Both received the same sentenced–three consecutive life terms without the possibility of parole. The Mississippi Supreme Court affirmed the convictions and sentences on direct appeal. *See Sanders v. State*, 942 So.2d 156 (Miss. 2006). Aggrieved by the decision, Sanders filed a petition for post conviction relief asserting several assignments of error. Her petition was denied on November 28, 2007. Sanders filed the instant petition on January 10, 2008. She has asserted four grounds for relief they are:

| | |
|---|---|
| Ground One | Ineffective assistance of counsel. |
| Ground Two | Denial of due process and equal protection arising out of the destruction of evidence. |
| Ground Three | The statute under which the Petitioner was convicted is unconstitutional. |
| Ground Four | Denial of due process and equal protection arising out of the conflict created by the intertwining of civil and criminal cases. |

*B. Limitations on Review*

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed.

Secondly, each claim in the petition must have been exhausted. 28 U.S.C. § 2254(b)(1). A claim is deemed exhausted if it has been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones v. Hargett*, 61 F.3d 410 ,416 (5th Cir. 1995).

Petitioners must also meet state procedural requirements in the state court proceedings. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). To avoid the bar of a procedural default, the petitioner must show "cause and prejudice" or a "fundamental miscarriage of justice." *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998).

### C. Procedurally Barred Claims

The claim presented by Sanders in Ground Four in the instant petition has never been presented to the State's Supreme Court. The Petitioner, however, may not now return to state court to exhaust her claim as the time limit for doing so has expired. Accordingly, the Petitioner's Ground Four is procedurally barred. *See Sones*, 61 F.3d at 416.

The court may not review Sanders's Ground Four unless she can demonstrate cause and actual prejudice or that the court's refusal to address the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). To show cause a petitioner must demonstrate the existence of an objective external factor that caused the default such as interference by government officials or that the basis of the claim was not reasonably available. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L.

Ed. 2d 397 (1986); *McClesky v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). As for prejudice, a petitioner must show "not merely that the errors . . . created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 493.

The "miscarriage of justice" exception requires that the petitioner show that a constitutional violation probably resulted in the conviction of one who is actually, as opposed to legally, innocent of the crime. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). A fundamental miscarriage of justice can also be shown where the petitioner can establish his factual innocence of the crime of conviction, by new reliable evidence not presented at trial. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). The Petitioner never discussed "cause" related to her failure to raise these issues in the State courts nor how this failure resulted in "prejudice." Although Sanders does assert she is legally innocent, such a claim is insufficient to overcome the procedural bar. Therefore, this court may not review Ground Four.

Grounds Two and Three of the Petition were raised for the first time in Sanders's motion for post-conviction relief. The Mississippi Supreme Court held these claims were procedurally barred by Miss. Code. Ann. § 99-39-21(1). Generally, a federal court will not review a question of law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). In simple form, the procedural bar doctrine is a rule which "applies to bar federal habeas [review] when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30. "Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its

rejection of that claim on an adequate and independent state ground." *Pitts v. Anderson*, 122 F.3d 275, 278 (5th Cir. 1997).

In order to satisfy the independence requirement, the state court must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos*, 61 F.3d at 338. Denying Sanders's claims, the Mississippi Supreme Court cited Miss. Code Ann. § 99-39-21(1) which provides that "issues not raised on direct appeal or before the trial court are procedurally barred." *See Wilcher v. State*, 479 So.2d 710, 712 (Miss. 1985); *McFarland v. Entergy Miss., Inc.*, 919 So.2d 894, 904 (Miss. 2005).

A state procedural rule is adequate if it is strictly or regularly applied by the state courts. *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). A state procedural rule is afforded a presumption of adequacy when the state court expressly relies on it when declining to review a claim for collateral relief. *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996). A petitioner bears the burden of showing the absence of adequacy or independence. *Id.* The Fifth Circuit Court of Appeals has held that Miss. Code Ann. § 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Moreover, Sanders does not contest the independence or adequacy of the state procedural bar. As a result, Sanders's Grounds Two and Three are, therefore, defaulted.

Again, this court may not review Sanders's Grounds Two and Three unless she can demonstrate cause and actual prejudice or that the court's refusal to address the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Sanders has failed to show any external action interfered with her ability to raise these issues on direct appeal. Nor can she prove that a fundamental miscarriage of justice will result from the court's refusal to consider these procedurally barred claims.

*D. Standard for Meritorious Review*

The federal courts do not function as super appellate courts over the states and hold no supervisory authority over state courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed. 2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n.21, 102 S. Ct. 1558, n.21, 71 L. Ed. 2d 783 (1982).

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The federal courts may not disturb the legal holdings of state courts even if convinced they are erroneous. The federal courts may intervene only if the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*E. Ineffective Assistance of Counsel*

Sanders's only remaining claim, Ground One, is an assortment of claims couched in terms that challenge the effectiveness of her trial counsel. She alleges that evidence was suppressed which

would have resulted in her acquittal. Sanders is referring to the car that she drove during the chase and the same car which resulted in the deaths of three people. Sanders complains that the car was destroyed prior to trial and that she was, therefore, unable to show that the police bumped into the back of the car during the high speed chase.

As the State correctly notes, there was ample evidence produced at trial in the form of photographs of the car and testimony from officers. The absence of the physical presence of the car should have had, and likely did have, very little to no impact on the outcome of the trial. The unavailability of the car does not absolve Sanders from having fled from the police, continuing over long distances at a high rate of speed, recklessly endangering the lives of innocent people. There simply is no merit to her claim that trial counsel was ineffective for failing to preserve evidence.

Next, Sanders appears to reassert the issue of severance–the only issued presented in her direct appeal. Again the State correctly indicates that trial counsel for Sanders's codefendant did pursue a motion to sever. It was unnecessary for Sanders's counsel to file the same or similar motion when the issue was before the court. Additionally, on direct appeal, Sanders's counsel challenged the trial court's refusal to sever the trials. The Mississippi Supreme Court found no error was committed with the joint trial. Therefore, the Petitioner cannot establish that her attorney rendered deficient assistance or that she was prejudiced by the joint trial.

Sanders continues challenging her counsel's performance by arguing that she was under the influence of prescription medication and, as a result, was operating under a diminished capacity. Sanders, however, offers no proof in support of her argument. Furthermore, Sanders's trial counsel did present the issue of her mental state and prior mental history during the trial. The issue was plainly before the jury. Trial counsel also pursued a motion to suppress evidence that Sanders's had marijuana in her system after the fatal crash. In any event, diminished capacity or intoxication is not

a defense for depraved heart murder. *See Stevens v. State*, 867 So.2d 219, 224 (Miss. 2003). Accordingly, there was no attorney error or deficiency and the Petitioner cannot show she was prejudiced by counsel's performance.

Sanders's last claim is that her counsel was ineffective for failing to conduct an adequate investigation with regard to "testimonies and background." Sanders, however, fails to offer any specific facts describing what sort of an investigation should have been conducted and exactly what the investigation would have revealed and how the hypothetical investigation would have changed the outcome. Conclusory allegations of ineffective assistance are insufficient to warrant habeas relief. *Collier v. Cockrell*, 300 F.3d 577, 687 (5th Cir. 2002)

In summation, Sanders has failed to demonstrate any error or constitutionally deficient performance rendered by trial counsel. Furthermore, Sanders has not shown that any such purported errors worked to her prejudice. To the contrary, trial counsel rendered competent and reasonable advice and assistance consistent with constitutional expectations.

### *D. Conclusion*

The Grounds asserted by the Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that the Petitioner with the assistance of capable counsel was afforded a fair trial with a jury that returned a reasonable verdict based on competent evidence. Therefore, the Petitioner's claims have no merit and the petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the 26th day of October, 2009.

/s/ Neal Biggers

_____
NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI